UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DONNA MARIE PULOUS and<br>WAYNE ALLEN FENDER,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE OF INDIANA, et al.,<br><br>    Defendants. | CAUSE NO.: 4:16-CV-40-TLS |

## OPINION AND ORDER

The Plaintiffs, proceeding *pro se*, filed an Amended Complaint [ECF No. 6], along with Motions for Leave to Proceed *in forma pauperis* [ECF Nos. 4–5], on July 15, 2016. For the reasons set forth below, the Plaintiff's Petition is DENIED. The Plaintiffs' Amended Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## DISCUSSION

Generally, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). The federal *in forma pauperis* (IFP) statute, 28 U.S.C. § 1915, however, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may start an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor." 28 U.S.C. § 1915(a). Here, the Plaintiffs' Motions establish that they are each unable to prepay the filing fee.

The inquiry does not end here, however. Under the second inquiry, a court must look to the sufficiency of a complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, all that a complaint must do is set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

Further, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint "must be presented with intelligibility sufficient for a court or opposing party to

understand whether a valid claim is alleged." *Vicom, Inc. v. Harbridge Marchant Service Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). Phrased another way, the complaint must put the defendant on notice of the plaintiff's claims. *Standard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). Thus, under Rule 8, parties are "required to make their pleadings straightforward." *U.S ex. rel Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). More specifically, the complaint must be "presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of what it is the plaintiff asserted." *Vicom,* 20 F.3d at 775 (citing *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990)). Where a "lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Standard*, 658 F.3d at 798.

In its Order [ECF No. 3] dated June 21, 2016, the Court dismissed the Plaintiffs' initial Complaint [ECF No. 1]. That initial Complaint did not identify a single cause of action, nor did the Plaintiffs state any facts in support. (Compl. 2, ECF No. 1.) Instead, the Plaintiffs merely directed the reader to "see all paperwork and evidence, photo disc and charges for all defendants" (*id.*), which totaled over 500 pages and included: (1) Plaintiff Donna Pulous' lengthy Affidavit; (2) a document entitled "Jurdicial [sic] Remedy" (Ex. 1); and (3) a collection of documents concerning their Department of Child Services case (Exs. 2–22). The Court granted the Plaintiffs leave to amend their Complaint to comply with Rule 8, which they filed July 15, 2016.

In their Amended Complaint, the Plaintiffs provide a shorter list of the claims against the Defendants, to the extent that those claims are cognizable causes of action. However, the Plaintiffs' Amended Complaint is devoid of factual allegations: the Plaintiffs provide vague recollections of events, rather than key facts to support their claims, and fail to specify which

3

Defendants did what in relation to the claims, including the dates that incidents occurred. In addition, the Plaintiffs attach roughly 60 pages of exhibits that are either exact copies of or paraphrase those exhibits from the initial Complaint, and thereby suffer from the same deficiencies.

Some of the claims included in those 60 pages are identical to claims that the Plaintiffs brought in a prior proceeding within this District. *Fender v. Peters*, No. 4:14-CV-024, 2016 WL 1222247, at *8 (N.D. Ind. Mar. 29, 2016). Those claims brought against Defendants State of Indiana, Kurtis G. Fouts, Abigail Diener, Analei Whitlock, Samantha Dagenais, Christin Bramlage, Patrick Manahan, and the Department of Child Services were dismissed with prejudice. *Id.* Consequently, the doctrine of *res judicata* bars the Plaintiffs' claims as to those Defendants. "[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Highway J Citizens Grp. v. U.S. Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

Because the Amended Complaint does not state any causes of action and does not set forth any facts against the remaining Defendants, the Plaintiffs have not plead a proper complaint. Thus, even with the relaxed standards that apply to pro se litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Amended Complaint does not set forth any factual allegations that raise the Plaintiffs' right to relief above the speculative level. Even if the Plaintiffs did include relevant facts in their Amended Complaint, those facts are buried in "documents and evidence" that span over 60 pages. The length and incoherent nature of the exhibits and "evidence" render the Amended Complaint "too confusing to determine the facts that constitute the wrongful conduct." *Standard*, 658 F.3d at 798. It is not the job of this Court to

filter through the Plaintiffs' Amended Complaint to determine their allegations. *Vicom,* 20 F.3d at 775; *U.S. ex. rel. Garst*, 328 F.3d at 378.

While a district court should not "dismiss a complaint merely because it contains repetitions and irrelevant material," length may make a "complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *U.S. ex. rel. Garst*, 328 F.3d at 378. The Plaintiffs' Amended Complaint is unintelligible because the "evidence" is an unorganized collection of over 60 pages that does not clearly indicate what is being alleged against each Defendant. Rather than present an enormous amount of "evidence," the Plaintiffs must succinctly state the pertinent facts that relate to their allegations against each defendant, including stating when the events occurred.[1]

## CONCLUSION

For the foregoing reasons, the Court:

(1) **DENIES** the Motions for Leave to Proceed *in forma pauperis* [ECF Nos. 4–5]

(2) **DISMISSES WITH PREJUDICE** the Amended Complaint [ECF No. 6] as to Defendants State of Indiana, Kurtis G. Fouts, Abigail Diener, Analei Whitlock, Samantha Dagenais, Christin Bramlage, Patrick Manahan, and the Department of Child Services

(3) **DISMISSES WITHOUT PREJUDICE** the Amended Complaint [ECF No. 6] as to Defendants John J.P. Schafer, Thomas Lock, Child and Family Partners, Laurie Mailloux, Phillip Mailloux, and Wabash Valley Alliance, and **GRANTS** the Plaintiffs until November 30, 2016, to

---

[1] The Court notes that the Plaintiffs have already been informed of Rule 8's requirements. The Plaintiffs filed similar complaints in two other matters that were consolidated before this Court. *Fender v. Sailors*, Nos. 4:14-CV-24, 4:14-CV-61, 2015 WL 1510195, at *3 (N.D. Ind. Mar. 31, 2015).

file an amended complaint, accompanied by an Application to Proceed in District Court Without Prepaying Fees or Costs (for each plaintiff) *or* the filing fee.

SO ORDERED on October 31, 2016.
.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION